(No. 43423.—

*In re* SEYMOUR J. LACOB, Attorney, respondent.

*Opinion filed January 28, 1972.*

ANNA R. LAVIN, of Chicago, for respondent.

JOHN CADWALADER MENK, *amicus curiae.*

MR. JUSTICE WARD delivered the opinion of the court:

The Board of Managers of The Chicago Bar Association, serving as commissioners of this court under Rule 751 in matters concerning the discipline of attorneys, has recommended that Seymour J. Lacob, the respondent, who was admitted to the practice of law in Illinois in 1952, be suspended for five years. The only question before this court is the sanction to be imposed upon the respondent.

A jury in the United States District Court for the Northern District of Illinois found the respondent guilty of having knowingly filed a fraudulent income tax return and he was sentenced to a term of three years, of which he served slightly more than eleven months. The conviction was affirmed in the United States Court of Appeals *(United States v. Seymour J. Lacob, 416 F.2d 756)* and the Supreme Court denied his petition for *certiorari.*

The indictment charged that the attorney had reported taxable income for the year 1960 of $8,329.70 and a tax due of $1,756.72, whereas the correct taxable income was $30,146.15 and the tax owing was $9,528.69. The respondent states that at trial the prosecution's computation of his reportable income was $25,131.94. It appears that the respondent had reported as income the compensation received from an attorney by whom he was employed, but that he failed to report any income from his personal practice. The explanation he offered in defense was ignorance that he had an obligation to report the income from his individual practice, as, it was contended, he had business expenses to offset the income that he did not report. Details of this unsuccessful defense and other assignments of error are described in the opinion of the court of appeals which affirmed his conviction.

The proceeding here was initiated when the Committee on Grievances of The Chicago Bar Association brought a complaint charging that the respondent had been guilty of conduct and practices tending to bring the legal profession into disrepute. The basis of the charge in the

complaint was the respondent's conviction of having wilfully filed a false income tax return. After a hearing before six commissioners there was a finding that the respondent had brought the legal profession into disrepute. Four of the commissioners recommended that he be suspended from the practice of law for a period of three years and two of the commissioners recommended a two-year suspension. The Board of Managers of the association amended this majority recommendation to a recommendation to this court that the respondent be suspended for a period of five years.

The respondent correctly acknowledges that under our decisions the filing of a fraudulent income tax return is considered a crime involving moral turpitude and that a conviction will be deemed conclusive of guilt. *(In re Shavin, 40 Ill.2d 254.)* Thus, we need consider only what action will be proper to take on the finding that the respondent has brought the profession into disrepute.

The first purpose of a proceeding as this is to safeguard the public, maintain the integrity of the profession and to protect the administration of justice from reproach. *(In re Gartland, 47 Ill.2d 177.)* This court will consider the aggravating or mitigating circumstances in each case *(In re Shavin)* to determine a sanction which is suitable to serve this primary purpose and which is appropriate to impose upon the offending attorney. Measuring by these standards and taking notice of the sanctions approved by us in resembling cases, we judge that a suspension for two years will be proper. Accordingly, a judgment suspending the respondent from the practice of law for a period of two years is entered.

*Respondent suspended.*