(No. 44647.—

THE PEOPLE *ex rel.* ADOLPH S. TABORSKI, Petitioner, v. THE ILLINOIS APPELLATE COURT, FIRST DISTRICT, *et al.,* Respondents.

*Opinion filed January 28, 1972.*

LOUIS V. KIEFOR, of Calumet City, for petitioner.

ANNA R. LAVIN, of Chicago, (EDWARD J. CALI-HAN, JR., of counsel,) for respondent Joseph W. Nowak.

WILLIAM J. SCOTT, Attorney General, of Springfield, (FRANCIS T. CROWE, A. ZOLA GROVES and SAMUEL E. HIRSH, Assistant Attorneys General, of counsel,) for other respondents.

EDWARD V. HANRAHAN, State's Attorney, of Chicago, (VINCENT BENTIVENGA, JR. and JAMES A. ROONEY, Assistant State's Attorneys, of counsel,) *amicus curiae*.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

This is an original petition for writ of prohibition filed on the relation of Adolph S. Taborski against the Illinois Appellate Court, First District, and Justice George N. Leighton of said court. At issue is the validity of the appellate court's entry of an order staying a judgment entered in the circuit court of Cook County ousting Joseph W. Nowak from the office of mayor of Calumet City, Illinois, as a consequence of his conviction of a felony in the United States District Court.

The facts are not in dispute. On January 29, 1970, Joseph W. Nowak, the mayor of Calumet City, was convicted in the United States District Court of participating in a conspiracy to violate four sections of the Criminal Code of the United States (18 U.S.C. secs. 657, 1001, 1006, 1008) in violation of 18 U.S.C. sec. 371. A sentence of imprisonment for three years was imposed. However, he

has remained free on bond pending appeal of his conviction and continues to hold the office of mayor. Subsequent to the Federal conviction, a *quo warranto* action was instituted in the circuit court of Cook County by the State's Attorney seeking to oust Nowak from the office of mayor on the grounds that he had been convicted of an infamous crime and was thereby disqualified from holding public office pursuant to constitutional and statutory provisions. (Ill. Const. 1870, art. IV, sec. 4; Ill.Rev.Stat. 1969, ch. 46, par. 25–2(Fifth); Ill.Rev.Stat. 1969, ch. 38, par. 124–2(a).) On July 26, 1971, the United States Court of Appeals affirmed Nowak's conviction, and on August 2, 1971, judgment was entered in the circuit court of Cook County finding that Nowak stood convicted of an infamous crime which had caused forfeiture of his right to hold public office as of January 29, 1970, the date of his conviction. The order directed his immediate ouster from the office. Nowak appealed from this judgment to the Illinois Appellate Court and made a motion for stay of the judgment of ouster pending the disposition of the appeal therefrom. The appellate court granted the motion pursuant to a provision in the act relating to *quo warranto* actions which states that "Where an appeal is taken from a judgment of ouster of any person from any office, upon motion of the appellant, the judgment of ouster shall be stayed pending final disposition of the appeal, and such person may, subject to the order of the Court, hold or execute any such office pending such final disposition of the appeal." Ill.Rev.Stat. 1969, ch. 112, par. 14.

In our opinion, the interpretation of the above-quoted statutory provision is governed by section 4 of article IV of the 1870 constitution which was in effect at the time of Nowak's conviction in the Federal court. This section provided in pertinent part that "No person who has been, or hereafter shall be, convicted of bribery, perjury, or other infamous crime, *** shall be eligible to the general assembly, or to any office of profit or trust in this state."

The intent of this provision and those statutes enacted in implementation thereof is very clear. Our system of government depends in large part upon trust and confidence in public officials. When a public official is convicted of an infamous crime, there can be no doubt that public confidence in him and in his future performance in the unit of government in which he serves is seriously damaged, if not totally destroyed. To prevent such a breakdown in respect for the law and confidence in government, the 1870 constitution effectuates the very strong public policy of this State that no public official who stands convicted of an infamous crime is eligible to hold public office. *People ex rel. Keenan v. McGuane, 13 Ill.2d 520.*

It is apparent therefore, that the stay provisions of section 6 of the Quo Warranto Act (Ill.Rev.Stat. 1969, ch. 112, par. 14) must be construed to apply only to those instances where the judgment of ouster was not predicated on conviction of an infamous crime. If the statute were otherwise construed, a clear inconsistency with the intent of section 4 of article IV of the 1870 constitution would result, since the effect of a stay order in such cases would be to keep in office an individual who was constitutionally "ineligible" to hold public office.

Consequently, the determinative issue in the case before us is whether Joseph W. Nowak was convicted of an infamous crime within the meaning of section 4 of article IV of the 1870 constitution. Our decision in *People ex rel. Keenan v. McGuane, 13 Ill.2d 520,* is in point. In that case, a county assessor was convicted in the Federal district court of income tax evasion. On advice of the State's Attorney that the conviction had caused a vacancy in the office of assessor, the county board declared the office vacant and appointed another individual to fill the vacancy. A *mandamus* action was brought by the ousted assessor seeking to compel his restoration to the office. In denying the writ, we held that a Federal conviction for

income tax evasion constitutes conviction of an infamous crime for purposes of determining eligibility for public office; that as a result of such conviction he forfeited his right to hold the office; and that the pendency of an appeal from the conviction would not hold in abeyance the vacancy in the office created by the conviction. We there stated that "any public officer convicted, in the Federal court or in the court of any sister State, of a felony which falls within the general classification of being inconsistent with commonly accepted principles of honesty and decency, or which involves moral turpitude, stands convicted of an infamous crime under the common law as interpreted when our constitution was adopted in 1870, and that such conviction creates a vacancy in such office." (13 Ill.2d at 534.) (For similar holdings in other jurisdictions see cases collected in Annot., 52 ALR 2d 1314; Annot., 39 ALR 3d 303.)

Joseph W. Nowak was convicted of participating in a conspiracy to violate four sections of the Criminal Code of the United States, all involving elements of fraud against the United States, and all constituting felonies as defined by Federal law. Specifically, the conviction arose from the falsification of certain reports prepared by Nowak and submitted to the Federal Savings and Loan Insurance Corporation with respect to a federally insured savings and loan association for which Nowak acted as attorney. We find no significant distinction in the essential characteristics of this crime and the crime of income tax evasion held to be infamous in the *Keenan* case. We conclude, therefore, that Nowak stands convicted of a crime which falls within the classification of an infamous crime within the meaning of section 4 of article IV of the 1870 constitution. Accordingly, the stay order entered by the appellate court was not contemplated by section 6 of the Quo Warranto Act (Ill.Rev.Stat. 1969, ch. 112, par. 14), and it should be immediately vacated.

In so holding, we have given due consideration to the

suggestion that there are countervailing public policy grounds favoring a stay of ouster pending review. For example, it is suggested that if the appeal from the ouster order resulted in a finding that the crime of which the ousted official stood convicted was not an infamous crime, and if a successor official had been elected or appointed in the meantime to fill the vacancy, there would be difficult questions as to liability for double salaries, the validity of acts of the successor office holder and the like. However, we believe that the public policy considerations supporting ineligibility to hold public office after conviction of an infamous crime far outweigh the interests of the public in preventing problems which could arise in the event the judgment of ouster was reversed on appeal. It must also be kept in mind that it is the fact of conviction of an infamous crime and not the affirmance of the conviction or even the judgment of ouster which causes the ineligibility to hold public office. Furthermore, the removal from public office of an official convicted of an infamous crime is not a punishment but simply a consequence of a condition imposed upon public officials in the furtherance of the public interest in good government. (See *People ex rel. Rice v. Appellate Court, 48 Ill.2d 195.*) For these reasons it is apparent that the considerations which would usually apply with respect to the staying of judgments pending appeal therefrom, do not necessarily apply in cases of this type. Nor do we believe that the case before us provides any basis for an exception to the rule. Joseph W. Nowak has been convicted of a Federal crime involving elements of fraud against the United States, his conviction has been affirmed, and he has been ordered ousted from the office of mayor in *quo warranto* proceedings in the circuit court of Cook County. Despite these happenings, he has continuously held the office of mayor for a period of almost two years following his initial conviction. A further delay in giving effect to his ouster is neither within the letter nor the spirit of the constitution of 1870 and

most certainly would be contrary to the public policy of this State.

The Appellate Court, First District, is accordingly prohibited from delaying the judgment of ouster entered by the circuit court of Cook County and is further directed to vacate instanter its stay order of August 19, 1971.

*Writ awarded.*