(No. 53443.—

*In re* HERBERT ZAHN, Attorney, Petitioner.

*Opinion filed November 18, 1980.*

Disciplinary proceeding.

490

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

George B. Collins, of Collins & Amos, of Chicago, for petitioner.

MR. JUSTICE RYAN delivered the opinion of the court:

The petitioner, Herbert Zahn, seeks to be reinstated to the roll of attorneys admitted to practice law in Illinois. He filed a petition for reinstatement pursuant to our Rule 767. (73 Ill. 2d R. 767.) Zahn was licensed to practice law in Illinois in 1953. He was disbarred in 1970. The amended complaint which was filed in the disciplinary proceeding had charged Zahn with the misappropriation and conversion to his own use of certain monies of three clients. It also charged Zahn with having commingled the funds of one of the clients. The amount of the money involved was over $30,000. Zahn was disbarred on October 2, 1970. He did not appear at the disciplinary proceeding and did not later contest the recommendation of the Hearing Board of the Attorney Registration and Disciplinary Commission. On July 23, 1970, the Du Page County State's Attorney caused to be issued a four-count indictment charging the petitioner with theft. The theft charge involved the use of a fourth client's funds. Zahn entered a plea of guilty to the charge and, on October 16, 1970, was sentenced to a 3-year term of probation. The probation order included a requirement that the petitioner seek psychiatric or psychological counseling. Zahn complied with the terms of the probation order. He made full restitution of all four clients' misappropriated funds. He also sought psychological counseling. Zahn continued to participate in the counseling for 6 years. Due to the petitioner's successful compliance with the terms of his

probation, he was discharged early from the supervision of the court on June 20, 1973.

On May 7, 1979, Zahn filed his petition for reinstatement. At the reinstatement hearing before the Hearing Board, Constantino Salios, a pastor and longtime acquaintance of the Zahn family, testified as to the petitioner's dramatic improvement in character. He described Zahn's personality before the disbarment in negative terms: a strongly opinionated individual who seemed to have an immature relationship with his family. According to the pastor, Zahn had matured in the last 3 years; that is, he appeared to have become a warmer individual who was better able to acknowledge and assume responsibility. Dunstan Staas, a brother-in-law of the petitioner, also testified. Staas was a certified public accountant and the vice-president of Pullman, Inc. He stated that up until 1970 Zahn was a troubled person who was unable to relate to others. Staas also described Zahn as being unable to handle himself and his financial affairs. He then described his brother-in-law as he has appeared in recent years: "a warm, compassionate, loving human being." He testified that Zahn had accepted blame for the acts leading to the disbarment and that he was repentant for his conduct. Staas finally stated that he believed Zahn to be, without question, a fit person to practice law. The petitioner's wife, Mary Lou Zahn, a senior student at the Northern Illinois University school of law, also testified on her husband's behalf. She, too, related the progressive character improvement in the petitioner since his disbarment. She stated that prior to October 1970 Zahn had been a poor father and husband. In addition, he was not proficient at handling his financial affairs. According to Mrs. Zahn, the petitioner has since become more realistic with finances and able to face up to his problems. She testified that Zahn had considered filing for rein-

statement on two prior occasions. He was not, however, sufficiently motivated to file the necessary documents. Mrs. Zahn stated that she regarded the fact that her husband was able to finally bring his petition before the Hearing Board as an indication that he had made a tremendous step toward facing up to his responsibilities. Finally, the petitioner testified. He stated that the acts causing his disbarment were unjustifiable. He testified that he stopped practicing law immediately upon being disbarred, and he described the various jobs he held thereafter. The record indicates that Zahn worked at several straight-commission sales jobs, as well as at some temporary jobs with built-in termination. On occasion, Zahn would work one job during the day and another during the evening in an attempt to meet his financial responsibilities. Zahn also testified as to the existence of several judgments pending against him and expressed his feeling of a moral obligation to pay the amounts due, when financially able, with the exception of one disputed claim. Zahn also expressed his reluctance to declare bankruptcy as an alternative to repayment of the debts. The petitioner testified as to what he perceived his personality flaws to be which prompted his unethical and illegal conduct. He stated that he has dealt effectively with the inner turmoil which caused his prior behavior and would now be incapable of doing such acts. Zahn stated that prior to his disbarment, he always commingled his clients' funds. He testified that if he were reinstated, he would always put his clients' funds in a separate escrow account, and he expressed an awareness as to the appropriate procedure to be followed in the handling of such an account.

The petitioner was the final witness to testify in support of reinstatement, and no witnesses were presented by the Commission. The Hearing Board recommended that Zahn be reinstated, finding that he demonstrated clearly

and convincingly that he has been sufficiently rehabilitated. No exceptions to this recommendation were filed. The Review Board of the Commission, based upon an examination of the transcript of the reinstatement proceeding conducted before the Hearing Board, recommended that Zahn's petition be denied. According to the Review Board, Zahn failed to demonstrate the degree of rehabilitation and current character fitness which would warrant reinstatement. This finding was based upon the following: Zahn failed to fully disclose all details regarding his various jobs and the pending judgments entered against him in his reinstatement petition; he failed to satisfy the numerous judgments entered against him; and the petitioner failed to obtain permanent employment subsequent to his disbarment. While the petitioner concedes that certain details were inadvertently omitted from his petition for reinstatement, he maintains that such information was later provided and that there were no misrepresentations made at the hearing. Zahn also asserts that the numerosity of the positions held during his disbarment period should not be a factor construed as indicative of a lack of rehabilitation. Finally, the petitioner contends that the Review Board erred in its adverse finding as to Zahn's failure to repay his debts.

Disbarment is a disciplinary sanction imposed to maintain the integrity of the legal profession, safeguard the public, and keep the administration of justice free from reproach. (*In re Wonais* (1979), 78 Ill. 2d 121, 124; *In re Thomas* (1979), 76 Ill. 2d 185, 189; *In re LaPinska* (1978), 72 Ill. 2d 461, 473.) It is the petitioner's burden to prove, by clear and convincing evidence, sufficient rehabilitation and fitness to practice law before he can be reinstated. (*In re Wigoda* (1979), 77 Ill. 2d 154, 158; *In re Thomas* (1979), 76 Ill. 2d 185, 189; *In re Starr* (1976), 64 Ill. 2d 407, 415.) We recognize that each disciplinary case brings forth a unique set of facts. (*In re*

*Clayter* (1980), 78 Ill. 2d 276, 283.) While findings and recommendations of the Hearing Board and the Review Board are given consideration (see *In re Wigoda* (1979), 77 Ill. 2d 154, 158-59), the ultimate responsibility for the determination and imposition of attorney discipline lies with this court. *In re Clayter* (1980), 78 Ill. 2d 276, 282; *In re Leonard* (1976), 64 Ill. 2d 398, 406; *In re Wyatt* (1972), 53 Ill. 2d 44, 45.

After a review of the record of the proceeding before the Hearing Board, we find that the petitioner has demonstrated clearly and convincingly that he has been sufficiently rehabilitated and that he is a fit person to practice law. We do not deem the findings of the Review Board to militate against such a finding. First, we do not find the failure of Zahn in this case to include in his reinstatement petition certain information required and specified by Attorney Registration and Disciplinary Commission Rule 11.1(8) as warranting a contrary result. This case differs from *In re Starr* (1976), 64 Ill. 2d 407, 416-17, where we concluded that Starr, by stating in his petition for reinstatement that he had no outstanding obligations or judgments, had falsely represented his state of indebtedness. The omissions in our case were objected to by the Administrator of the Commission, and such objections were responded to by the petitioner and the omissions were supplied. At the outset of the hearing, the Commission, as well as the petitioner, agreed that there existed no factual questions in dispute beyond those objected to and answered. We do not find the petitioner's omission of such information to have been intentional or of such a nature as to be indicative of any negative moral character.

Similarly, we do not deem the petitioner's failure to repay his debts to be a bar to his reinstatement. In fact, we view the petitioner's liquidation of several outstanding obligations as a commendable effort in light of petitioner's employment history and resultant limited income since his

disbarment. At the hearing, Zahn offered into evidence documents indicating the release and satisfaction of two judgments entered against him which totaled well over $22,000. He has, therefore, paid two of the judgments entered against him. We also note with approval that petitioner made prompt and complete restitution of misappropriated funds. While several judgments remain unsatisfied, we consider the petitioner's expressed willingness to repay these debts when he is financially able and his reluctance to declare bankruptcy as indicative of rehabilitation and fitness to practice law. We therefore do not concur with the Review Board's finding that the failure to repay the debts indicates insufficient rehabilitation for reinstatement.

Finally, we do not share the Review Board's concern about the petitioner's employment history subsequent to the disbarment. He worked a multitude of straight-commission jobs in order to support his family. Zahn was not successful in some of his salesman endeavors. However, we do not consider these failures to be indicative of a lack of rehabilitation or fitness to practice law. In fact, we commend Zahn in his repeated employment efforts. We view Zahn's employment history as reflective of his attempt to "scratch for a living."

We conclude that Zahn has demonstrated, by clear and convincing evidence, that he is sufficiently rehabilitated and that he is fit to practice law in Illinois. Accordingly, the petition for reinstatement to the roll of attorneys in this State is hereby granted.

*Petitioner reinstated.*