(No. 56133.—

*In re* JAMES L. COBURN, Attorney, Respondent.

*Opinion filed October 22, 1982.*

UNDERWOOD and MORAN, JJ., dissenting.

James J. Grogan, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Martin and Robert A. Merrick, Jr., of Chicago, for respondent.

JUSTICE SIMON delivered the opinion of the court:

On March 11, 1981, the respondent, James L. Coburn, was found guilty of filing false Federal income tax returns in violation of title 26, United States Code, section 7206(1). He was fined $15,000 and given a three-year suspended sentence, with the special condition of probation that he file all delinquent returns and perform some public service under court supervision for a period of 15 hours a week. Shortly thereafter, the Administrator of the Attorney Registration and Disciplinary Commission filed a complaint with the Commission's Hearing Board, praying that the respondent be suspended from practice because of this conviction. The Hearing Board found the respondent's conviction for filing false returns to be conclusive evidence of his guilt of a crime involving moral turpitude and recommended that he be suspended from practice for two years. Both sides filed exceptions, but the Review Board affirmed. The respondent now asks this court to be more lenient than the hearing and review boards.

The respondent does not dispute that his behavior warrants discipline. There is little doubt that the respondent's attempt to evade the payment of income taxes is ground for official action of some kind. (See *In re Andros* (1976), 64 Ill. 2d 419; *In re O'Hallaren* (1976), 64 Ill. 2d 426; *In re Lacob* (1972), 50 Ill. 2d 277.) But the respondent urges the court to look at the facts surrounding his case and to censure him rather than suspend him.

Respondent is 72 years old. The story of his tax problems covers many years. He was admitted to the bar in 1938, after working his way through college and law school in Chicago. When he could not then find a position in the Chicago area, he canvassed western Illinois in search of a town in need of a lawyer, and chose Galena, where he entered into a partnership with a retired

judge. During that period of his life, his income was so low that he was not required to file income tax returns.

In 1941, he married and moved his practice to Elizabeth, Illinois. Gradually his income crept up to the point at which he should have filed an income tax return, but he did not. He testified that because he was so caught up in his work and his family he failed to notice when that happened. He claimed that, when he finally did notice, he continued not to file because of fear that if he did his previous failures would be brought to the attention of the tax authorities.

The respondent allowed this to go on for more than three decades, never filing an income tax return. No money was collected from the respondent for taxes until 1966, when he went to work for the Cook County State's Attorney. After 1966, although taxes on the part of his income consisting of his salary were withheld, he continued to fail to file returns.

In 1977, apparently influenced by the large amounts of money he had earned administering two estates in his spare time, respondent decided to file tax returns for the years 1974, 1975 and 1976. The returns he filed, however, fraudulently neglected to state the substantial dividend and interest income he derived from securities he inherited from his parents and from savings accounts. At the time of his conviction, he had approximately $500,000 in interest-bearing bank accounts. This behavior aggravates the previous failure to file. It shows the respondent's continued failure to file was not motivated solely by fear, but rather by a wanton disregard of his duties as a citizen. It was for these fraudulent filings that the respondent was convicted.

There is another side of the respondent's character, however. During his long career, the respondent served as a master in chancery for Jo Daviess County, president of the board of education in Elizabeth, and a member of

the local boards of both the Salvation Army and the Red Cross. He was president of the High Twelve Club in Freeport, which distributed free hospital beds and wheel chairs to the needy in Stephenson County. Twenty-three individuals, including five judges and 10 attorneys, attested to the respondent's integrity and good character.

Taking into consideration all of these facts, we believe this case warrants some of the leniency the respondent requests. The respondent is an old man and in frail health. The longer he is suspended, the less likely he will be able to reestablish himself in his community as a productive citizen and lawyer. On the other hand, his misconduct is far too serious to be dismissed with only the censure the respondent requests, particularly because his fraudulent filing compounds, in our view, the seriousness of his previous failure to file extending over so many years. If we are to maintain the integrity of the legal profession in Illinois, we can ill afford to appear to take such actions lightly. We believe the hearing and review boards more than balanced the need for leniency against the need for the proper maintenance of discipline when they recommended a two-year suspension. In fact, we believe they were too lenient and that a longer suspension would be more appropriate. We therefore suspend the respondent from the practice of law for a period of three years.

*Respondent suspended.*

JUSTICE UNDERWOOD, dissenting:

In my judgment any discipline short of disbarment is clearly inadequate and depreciates the seriousness of this respondent's misconduct. For more than 30 years after he concedes his income became sufficient to require filing income tax returns, the respondent here failed to do so. That failure was compounded by the fact that when he finally decided to file he deliberately omitted from his returns the income on numerous bank accounts totaling

476

about one-half million dollars and the dividends on significant amounts of corporate stock. No rent from the real estate he owned nor capital gain from the real estate he sold was ever reported.

Despite respondent's advanced age, the absence of other disciplinary infractions and the indications that respondent was community minded and well regarded by those who knew him, it seems to me that the 30-odd years of misconduct of a criminal nature aggravated by the false returns which were finally filed demand that respondent be disbarred. *In re Lambert* (1970), 47 Ill. 2d 223.

JUSTICE MORAN joins in this dissent.