(No. 61870.—

*In re* IRVING LOUIS GOTTLIEB, Attorney, Petitioner.

*Opinion filed November 21, 1985.*

Theresa M. Gronkiewicz, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Donald B. Mackay, of Chicago, for petitioner.

JUSTICE SIMON delivered the opinion of the court:

The petitioner, who was licensed to practice law in Illinois in 1940, was disbarred on consent in May 1980 as a result of his April 1980 conviction in the United States District Court for the Northern District of Illinois on two counts of mail fraud involving the payment of bribes to public officials. The petitioner was sentenced to 14

months in prison, fined $2,000, and placed on probation for five years. After he served four months in prison, his prison sentence was reduced to time served, and in September 1983, the period of probation was terminated. In December 1983, the petitioner filed a petition for reinstatement on the roll of attorneys licensed to practice law in this State. In January 1985, the Hearing Board filed a report recommending that the petition be denied. The petitioner filed exceptions before the Review Board, and in April 1985 the Review Board affirmed the Hearing Board's recommendation that the petition be denied. The matter comes before this court on the petitioner's exceptions to the report and recommendation of the Review Board pursuant to our Rule 767 (87 Ill. 2d R. 767).

The petitioner's misconduct arose through his connection as attorney, member, officer and employee of the Community Currency Exchange Association between 1965 and 1976. In 1971, in the capacity of lobbyist and general counsel for the association, the petitioner met with two State Representatives who sat on the House Banking Committee. One of them demanded $30,000 in return for keeping an eye on currency-exchange legislation. The petitioner obtained the money from the association and paid them the bribe. In 1972, the petitioner paid them $20,000. In 1974, he paid them another $10,000. In 1976, he was asked by a State official for a $10,000 contribution from the association in the form of checks made payable to a political campaign fund. The petitioner delivered the checks to the official, who had the authority to approve licenses, transfers and sales of currency exchanges.

A petitioner seeking reinstatement to the practice of law has the burden of proving by clear and convincing evidence that he should be readmitted. (*In re Schechet* (1985), 105 Ill. 2d 516, 521.) Rule 767(f) sets out some of the factors that are appropriate to consider in determin-

ing whether reinstatement is indicated:

> "(a) the nature of the misconduct for which the petitioner was disciplined;
>
> (b) the maturity and experience of the petitioner at the time discipline was imposed;
>
> (c) whether the petitioner recognizes the nature and seriousness of the misconduct;
>
> (d) when applicable, whether petitioner has made restitution;
>
> (e) the petitioner's conduct since discipline was imposed; and
>
> (f) the petitioner's candor and forthrightness in presenting evidence in support of the petition." 87 Ill. 2d R. 767.

The offense for which the petitioner was convicted and which led to his disbarment on consent was the payment of $70,000 in bribes to public officials. Rather than reporting the solicitation of bribes by those officials, the petitioner acted as the middleman, conveying information from the officials to the association and delivering the payments. As an experienced attorney and businessman at the time of his misconduct, the petitioner must have been aware that the bribery of elected officials is a serious offense that undermines the integrity of our system of government. For a lawyer to participate in such an offense is particularly reprehensible, especially when the bribe is solicited and collected from the lawyer's clients, since a lawyer has a duty to protect not only his clients but also the integrity of our legal system.

In paragraph 17 of his verified petition for reinstatement on the roll of attorneys, however, the petitioner states:

> "C. Petitioner's conduct leading to his disbarment on consent did not involve any breach of fiduciary obligation to a client. In fact, if anything, Petitioner's unlawful acts resulted from misguidedly being overprotective of a client."

As an attorney for the association, the petitioner had a duty to protect his clients from extortion, to dissuade them from engaging in the bribery of a public official, and to warn them of the illegality of such conduct and of its consequences. He also had a duty to our legal system to refuse to participate in such conduct in any way. That the petitioner characterizes the breach of these duties as misguided overprotection of his clients indicates that he does not yet understand the nature and seriousness of his misconduct.

At his reinstatement hearing, when asked whether he was acting in the capacity of attorney or as an individual when he delivered the envelope containing $10,000 in checks, he responded that he was a "delivery boy." Taken together, this statement and paragraph 17 of his petition for reinstatement indicate that the petitioner has not been rehabilitated adequately to justify restoring him to the roll of attorneys. It appears that he continues to see himself as a victim of, rather than a participant in, the illegal conduct of which he was convicted. To safeguard the public, maintain the integrity of the legal profession, and protect the administration of justice from reproach (*In re Wonais* (1979), 78 Ill. 2d 121, 124), we require a disbarred attorney who seeks reinstatement to establish, in addition to other factors, that he recognizes fully the grievous nature of the offenses he acknowledges committing. This showing is required to be made by clear and convincing evidence. *In re Schechet* (1985), 105 Ill. 2d 516, 521.

The petitioner contends, however, that other attorneys who have violated the public trust and the Code of Professional Responsibility in similar circumstances have been reinstated to the practice of law after a minimal period of disbarment. It is axiomatic in attorney discipline cases that although each case is unique and must be judged on its facts, there must be a degree of uni-

formity or consistency in the selection of sanctions in similar cases. (*In re Wigoda* (1979), 77 Ill. 2d 154, 163.) However, the cases the petitioner cites are dissimilar. In *In re Wigoda* (1979), 77 Ill. 2d 154, the petitioner was a former Chicago alderman who was disbarred on consent following his conviction for filing an income tax return that did not report a $50,000 bribe. The Administrator contended that the petitioner's continuing assertion of innocence of the offense of which he had been convicted indicated that he had not been rehabilitated and was not a fit person to be restored to the practice of law. The court distinguished between repentance and rehabilitation, however, and held that a continuing belief in one's innocence is not sufficient to bar reinstatement. The petitioner in the present case does not deny that he committed the offenses that led to his disbarment. The problem is that he appears not to recognize their seriousness and consequently shows no repentance. Although this court distinguished between repentance and rehabilitation in *Wigoda*, an attorney who admits he was guilty of the conduct for which he was sanctioned cannot show he is rehabilitated unless he also shows repentance.

*In re Scott* (1983), 98 Ill. 2d 9, is inapposite because it does not involve a claim that the attorney, a public official, was guilty of receiving bribes or failed to recognize the nature and seriousness of the offense of which he had been convicted, namely the filing of a false income tax return. *In re Wonais* (1979), 78 Ill. 2d 121, is dissimilar because there the petitioner expressed profound remorse for his attempt to extort a bribe. *In re Thomas* (1979), 76 Ill. 2d 185, is inapposite for essentially the same reason *Wigoda* is. The petitioner in *Thomas* continued to deny his guilt of the criminal offenses of mail fraud with which he had been charged, while expressing contrition for his violation of the canons of professional ethics applicable at the time he purchased cases from so-

licitors and guaranteed a doctor a portion of the clients' medical bills.

Thus, the petitioner has not cited a case in which a disbarred attorney evidenced a failure to understand the seriousness of his breach of the public trust and the canons of professional ethics but was nevertheless restored to the practice of law. For the reasons stated in this opinion, the petition for reinstatement on the roll of attorneys is denied.

*Petition denied.*