(No. 64462.—

*In re* HARVEY JOSEPH POWERS, Attorney, Petitioner.

*Opinion filed March 23, 1988.*

Daniel Drake, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

Robert S. Bailey, of Chicago, for petitioner.

JUSTICE WARD delivered the opinion of the court:

The petitioner, Harvey J. Powers, was admitted to the bar of Illinois in 1958 and was disbarred in 1974. He filed a petition for reinstatement under Rule 767, to which the Administrator of the Illinois Attorney Registration and Disciplinary Commission (ARDC) filed objections, contending that the petitioner had not been candid in the petition, has not made restitution and has not demonstrated rehabilitation. A panel of the Hearing Board recommended denial of the petition, and the Review Board, stating that it was not considering the question of restitution, affirmed the panel's findings of fact and its recommendation to deny the petition. The petitioner filed exceptions with this court to the recommendation of the Review Board.

The petitioner was indicted in the United States district court at Chicago in 1969 for conspiracy and mail fraud. In 1970 he was tried and acquitted on the conspiracy count, found guilty on one of seven mail fraud counts and was given a sentence of four years, which later was reduced to three years. The offense involved a scheme with another defendant in which prospective borrowers were defrauded into paying finders' fees for

loans that were never made. It appears that the victims were defrauded of $2,240. In 1972, the petitioner was convicted for failing to file Federal income tax returns for 1964 through 1968 and was sentenced to a term of one year, which was to run concurrently with the sentence imposed on the mail fraud conviction.

Clarence Pensgard, in 1965, filed suit against the petitioner alleging that he had fraudulently obtained a loan from Pensgard of $4,000 in cash and in another fraud had induced Pensgard to pay $25,000 for worthless stock. In 1970, judgment was entered against the petitioner for $13,900, the trial court finding that malice was the gist of the action. In November 1972, the appellate court, in affirming the judgment, stated that the "defendant's actions were knowingly calculated to defraud plaintiff."

In January 1974, this court granted the petitioner's motion for disbarment on consent. The petitioner, in 1979, filed a petition for readmission, which he withdrew because he was conscious that it had been poorly prepared. He was convicted in 1981 for driving under the influence of alcohol and his New Jersey driver's license was suspended. He had developed an alcohol dependency and in 1982, upon his discharge from an alcohol abuse center, became active in Alcoholics Anonymous (AA). He now attends AA meetings regularly.

The hearing panel found that the petitioner has many outstanding debts. He owes a law book publishing company $3,300 for books. There are Internal Revenue Service liens totaling more than $28,000, though the petitioner has made payments to reduce this indebtedness. A New Jersey bank is owed $3,500, and Pensgard's judgment of $13,900 plus interest from 1970 remains unpaid. The petitioner states he tried to persuade Pensgard to consent to a payment schedule but says that Pensgard refused, demanding immediate payment of the entire

amount due. If funds of the petitioner were available to make partial payments to Pensgard, the Administrator points out, the petitioner failed to use funds to make restitution to the victims in the mail fraud case. Parenthetically, the petitioner states that he is not responsible for restitution on the mail fraud conviction since his codefendant received the proceeds of the fraud and because he was not ordered upon sentencing to make restitution. At the disciplinary hearings, he suggested that the victims should seek restitution from his codefendant, as he claimed earlier that he did not receive the funds. The codefendant, however, was murdered in 1972 and the petitioner in his brief does state that an associate of his codefendant testified that he delivered proceeds of fraudulently obtained checks to the petitioner.

Our Rule 767, which prescribes the proceeding for reinstatement, states that "the petitioner's candor and forthrightness in presenting evidence in support of the petition" shall be considered by the panel. (107 Ill. 2d R. 767(f)(6).) The Hearing Board panel found that petitioner was not candid in his petition for reinstatement, failing to disclose certain residence addresses, full employment information and information as to litigation involving the petitioner. The Administrator had presented evidence that the petitioner had failed to list nine known residences. The Administrator noted, too, that the petitioner failed to list a 1983 suit in New Jersey for unpaid legal fees and a 1981 drunk-driving conviction. It must be said that there are unfortunate circumstances, which explain at least in part some of the omissions. Upon his release from prison, the petitioner went from job to job and was employed by 11 companies. Most of the companies were small and in financial difficulty. He drank excessively, which led to a condition of alcohol dependence. This was a factor in the deterioration of his marriage and divorce.

On seeking reinstatement to the bar, the petitioner has the burden of proving by clear and convincing evidence rehabilitation and fitness to practice law. (*In re Zahn* (1980), 82 Ill. 2d 489; *In re Groshong* (1980), 83 Ill. 2d 27.) This, in the judgment of the Hearing and Review Boards, the petitioner has failed to do. The Hearing Board panel found that the petitioner's debt structure "clearly demonstrates severe instability over a long period of time," that his conduct regarding his debt to Pensgard shows his "lack of candor and good faith" and that he has not been candid and forthright in his petition. These findings are entitled to substantially the same weight as the findings of any initial trier of fact. (*In re Betts* (1985), 109 Ill. 2d 154, 173.) We adopt the recommendations of the Hearing and Review Boards, and the petition for reinstatement is denied.

*Petition denied.*