CARLSON, Presiding Justice,
Dissenting:
¶ 28. Christopher Holt evinces a changed life in many ways, which is certainly commendable. But, I am unconvinced that Holt has demonstrated sufficient rehabilitation in character and conduct to be entitled the privilege of practicing law. In addition, I find the Bar’s recommendation that Holt not be reinstated persuasive. Although I stress that reinstatement should be achievable for Holt in the future if he fulfills certain requirements, I do not believe that he is ready for this honor. As a result, I respectfully dissent.
Jurisdictional Requirements
¶ 29. Mississippi Rule of Discipline 12.7 and this Court’s holding in such cases as In re Benson, 890 So.2d 888, 890 (Miss. *18 2004), list five jurisdictional requirements which must be pleaded and met by the petitioner in his petition for reinstatement. The Bar found Holt in noncompliance with four of these requirements. Having reviewed the record, I do not believe that Holt has complied with the second and fourth jurisdictional requirements for reinstatement to the Mississippi Bar. Specifically, the second requirement mandates that the petitioner give the name and current address of all persons, parties, firms, or legal entities who suffered pecuniary loss due to the improper conduct; and the fourth requirement provides that the petitioner must show that he has the necessary moral character to practice law.

The Second Requirement: Failure to Give the Name and Current Address of all Persons, Parties, Firms, or Legal Entities Who Suffered Pecuniary Loss Due to the Improper Conduct

¶ 30. Holt testified that Nathan Hend-ley was his only client who suffered pecuniary loss due to the misconduct. However, the Bar’s investigation produced two cases from the United States Bankruptcy Court for the Southern District of Mississippi for which Holt remained an attorney of record following his disbarment. These cases were provided to Holt at his deposition, and Holt admitted that he failed to notify his clients or any court of his disbarment, in violation of the complaint tribunal’s order disbarring him from the practice of law. Holt could not recall the details of these cases, and thus the Bar raised the valid concern that his client in these cases, Michael Wade Shelby, may have suffered pecuniary loss.
¶ 31. I find it troubling that Holt’s pattern of misconduct continued following his disbarment. Nor is this the only such instance. The complaint tribunal’s order required him to repay Hendley $4,825 within thirty days of April 29, 2003. Holt did not, in fact, repay this amount until September 17, 2009, more than six years late, based on the complaint tribunal’s directive.
¶ 32. The majority notes that Holt candidly admitted his failure to notify clients or courts of his disbarment, and notes that this omission is understandable given Holt’s struggle with alcohol at the time. I am afraid that I cannot perceive Holt’s post-disbarment misconduct and lack of full disclosure quite so charitably. Holt has not provided documentation to show whether Shelby suffered a pecuniary loss due to Holt’s continuing misconduct after his disbarment. As a result, I do not believe that this Court can say with any certainty that Holt has satisfied the second jurisdictional requirement for reinstatement.

The Fourth Requirement: Failure to Show the Necessary Moral Character for the Practice of Law

¶ 33. This Court had held that the “fundamental question which is presented by the petition for reinstatement, the decree based thereon and the subsequent appeal therefrom by the respondent is whether the applicant Wade has been sufficiently rehabilitated in conduct and character since his disbarment to be safely readmitted to practice law.” Miss. State Bar Assoc. v. Wade, 250 Miss. 625, 167 So.2d 648, 649 (1964). Holt provided twenty-three letters of recommendation indicating his sound moral character, and has documented his rehabilitation from alcoholism, charitable activities, and employment since his recovery. But, as the Bar indicated, Holt’s financial situation is so grave that he is not currently suited for the practice of law.
¶ 34. Substantial indebtedness alone is not a bar to reinstatement. See Matter of Reinstatement of Nixon, 618 So.2d 1283, 1288 n. 9, 1289 (Miss.1993) (reinstatement *19 granted even though petitioner had suffered “financial ruin,” with debt primarily attributable to attorneys’ fees). Yet, a petitioner’s failure to pay taxes or other outstanding judgments has been found to be a relevant consideration by the Oklahoma Supreme Court. In re Reinstatement of Farrant, 104 P.3d 567, 570-71 (Okla.2004) (arrearages for child support and back income taxes influenced court’s determination that petitioner lacked the requisite moral character); Matter of Reinstatement of Hardin, 927 P.2d 545, 547 (Okla.1996) (stating that “failure ... to file and pay Federal and State Income tax establishes unfitness to be readmitted to the practice of law.”). And a petitioner’s willingness and commitment to pay such outstanding obligations have been found to be pertinent by the Illinois Supreme Court. In re Zahn, 82 Ill.2d 489, 494-95, 45 Ill.Dec. 943, 413 N.E.2d 421, 424 (1980) (failure to repay debts did not bar reinstatement where petitioner already had satisfied two judgments, expressed a willingness to repay debts when financially able, and said that he would be reluctant to declare bankruptcy as an alternative).
¶ 35. In his deposition, Holt acknowledged that he had several outstanding tax-lien judgments against him, but was unable to give an estimate of how much he owed. The Bar then stated that it had found “significant” federal and state tax-lien judgments in Hinds County, Mississippi, and in Louisiana. The Bar added that it had found judgments from “a couple of other creditors,” as well. Holt conceded that he had a significant number of judgments against him. He said that he had simply used his last credit report, from eight months earlier, to ascertain any outstanding judgments against him.
¶ 36. In the supplemental addendum to his petition for reinstatement, Holt explained that one of the judgments pertained to a forcible-entry-and-detainer action by his former landlord in Louisiana. He attached as an exhibit a letter from that landlord clarifying that the matter had been resolved and that Holt had been current on all rent since that dispute. Nothing, however, is mentioned about any of the other outstanding judgments.
¶37. In sum, Holt did not know how many judgments he had against him or how much he owed, and nothing in the record reveals any additional information on the subject. Nor did Holt exhibit a commitment to satisfying his debts. Given that financial improprieties led to his disbarment, I find that Holt’s current financial problems, and, perhaps more importantly, his lax approach to those difficulties, are relevant and reflect negatively on his fitness to practice law. Thus, I am not convinced that Holt has sufficiently rehabilitated himself to be given the privilege of practicing law.

Roadmap to Readmission

¶ 38. Although I believe that Holt is not currently qualified for readmission to the Bar, I would not hold that Holt’s conduct should serve as a permanent bar to his readmission. Instead, I would prescribe a set of concrete steps that Holt could follow in order to complete his redemption in the eyes of the Bar and of this Court.
¶ 39. In the first place, I would insist that Holt provide an accounting as to any loss that Michael Wade Shelby may have suffered due to Holt’s continuing to serve as one of his attorneys of record in two bankruptcy matters following Holt’s own disbarment. If producing such an accounting proves to be impossible, Holt should at least be able to demonstrate reasonable steps taken in attempting to render the accounting. While I recognize that, as the majority suggests, compiling this accounting may not be pleasant to contemplate for Holt or his former clients, I still consider it highly relevant to Holt’s *20 fitness to practice law. If Holt wishes to be an attorney in this state, he will need to demonstrate the qualities of professional competence and diligent representation that have not been his hallmarks in his previous legal career. I would require him to show what harm, if any, his previous clients have suffered, before placing him in the position of acquiring new clients.
¶ 40. In addition, I would require Holt to demonstrate via financial records and other evidence the quantity and character of all debts, liens, and judgments against him. Holt was unaware of these and has not provided such documentation in the record. In addition to showing what the debts are, I would require that Holt demonstrate his plan to pay off these amounts and regain personal solvency. Where such evidence is impossible to procure, I would require that Holt demonstrate reasonable steps taken to gather this documentation. Although indebtedness is no bar to reinstatement, Holt’s past financial improprieties indicate that this Court should reasonably satisfy itself that Holt is in charge of his own pocketbook. I would insist that Holt, at a minimum, become aware of the magnitude of his indebtedness and prove to the Bar and this Court that he is capable of devising a reasonable plan to get back above water financially. I would not require that Holt actually achieve solvency in order to be reinstated to the bar, but only that he develop a reasonable plan to regain it in the future. The purpose of this plan is not to demonstrate that Holt will regain solvency at a particular time, but rather to demonstrate that Holt is reasonably aware of his own financial condition and ability, and thus that the sort of financial impropriety that led to his previous impropriety is less likely to recur.
¶ 41. Furthermore, I would not, as the majority argues, “require speculation, conjecture and guesswork” on Holt’s part. Instead, I would seek documentation of all debts, liens, and judgments where such exists, as well as evidence of the reasonable steps that Holt takes to secure said documentation where such cannot be had. I am aware that this process may be unpleasant for Holt and perhaps for others with whom Holt has had. financial dealings. Nonetheless, given the circumstances of Holt’s disbarment, I consider this information highly relevant to his fitness to practice law. Accordingly, I would require it before allowing him readmission to the state bar.
¶ 42. I am persuaded that Holt has made a real commitment to restoring his life and career. However, the privilege of membership in the Bar reflects more than Holt’s personal deserts. The prestige and respect which Mississippians have for the Bar reflects the character, competency, and diligence of its members, and those admitted to the Bar must therefore meet a high standard. I do not believe that Holt has yet shown by clear and convincing evidence that he is fit for readmission to the Bar, and therefore I must dissent.
¶ 43. But, by following the steps outlined above, I believe that Holt has the potential to show that his road to recovery is secure. I would require Holt to demonstrate what loss, if any, occurred to the clients that he continued to represent after disbarment; all outstanding debts, judgments, and liens against him; and his plan to regain solvency. After meeting these steps, I would allow Holt the opportunity to be readmittéd to the Bar, contingent on his taking and passing the Mississippi Bar Examination and the Multi-State Professional Responsibility Examination.
WALLER, C.J., AND LAMAR, J., JOIN THIS OPINION.